UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUJUAN A. WILLIAMS,

Plaintiff,

v.

HEARING, et al.,

Defendants.
______________________________/

Case No. 2:26-cv-12205

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Jujuan A. Williams, a state inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He sued multiple Defendants at the prison in their official and individual capacities for violations of his constitutional rights. *Id.* at PageID.5. Plaintiff was granted leave to proceed *in forma pauperis* (IFP) ECF No. 7. For the following reasons, the Court will dismiss the complaint on screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**BACKGROUND**

Plaintiff alleged that on December 3, 2025, between 6:00 p.m. and 6:45 p.m., nurse Hearing and corrections officer Schwartzwalder came to his cell to distribute medications. He was given his pills, but a liquid medication was missing. Plaintiff told Hearing about the missing medicine, and she told him that she would bring it to him after she finished distributing medications to the rest of the unit. ECF No. 1, PageID.7.

One of the medications Plaintiff took was Trazadone, so he fell asleep. Sometime between 8:00 p.m. and 8:45 p.m. Hearing came back and woke Plaintiff up to give him his medication. After taking his pills again, Plaintiff realized that he had done so twice that evening. He immediately informed Hearing, Schwartzwalder, and Barton, but they all "swore up and down" that he had only taken his medications once. *Id.*

Plaintiff asked to see a nurse because he was having chest pains and blurred vision. Defendant nurses Waterson and Hearing took Plaintiff's blood pressure, temperature, and weight and told him that he was hallucinating and to go back to his cell and lie down. *Id.*

Plaintiff did not state that he suffered any injuries from this event. *Id.* at PageID.8. Instead, he indicated that he "would like individuals to be prosecuted and MDOC ordered to pay [him] $500,000 for medical neglect and nursing malpractice." *Id.*

**LEGAL STANDARD**

Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints, however, are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And while a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis and quotation omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## DISCUSSION

Though unclear from the complaint, because Plaintiff is proceeding pro se, the Court will construe the complaint as alleging an Eighth Amendment violation. To state a cognizable federal claim for receiving inadequate medical care under the Eighth Amendment, a plaintiff must allege both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.' " *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, to fulfill the subjective component, the official must have been deliberately indifferent to inmate health or safety. *Id.* It is not enough for a plaintiff to assert only that the defendant was negligent or committed malpractice. *Farmer*, 511 U.S. at 834; *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012).

The complaint here fails to state a claim, among other defects that would also require dismissal. Even assuming that the complaint here satisfies the objective prong, Plaintiff failed to set forth allegations that satisfy the subjective prong. As noted above, the deliberate indifference standard requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (citation omitted). A "culpable state of mind" is described as "more blameworthy than negligence." *Farmer*, 511 U.S. at 836.

In *Barnett v. Luttrell*, 414 F. App'x 784 (6th Cir. 2011), the defendant nurse mistakenly gave the plaintiff Dilantin, an anti-seizure medication, instead of the ibuprofen that he was supposed to receive. *Id.* at 788. The Sixth Circuit rejected the plaintiff's deliberate indifference claim there and explained: "Barnett alleges no facts suggesting that [the defendant's] incorrect administration of Dilantin was anything other than negligent. It thus constituted medical malpractice at most and cannot constitute an Eighth-Amendment violation." *Id.*; *see also Boone v. Grant*, No. 2:19-cv-97, 2019 U.S. Dist. LEXIS 98502 at *1 (W.D. Mich. June 12, 2019) ("The fact that [the defendant] gave Plaintiff the wrong medication on one occasion is not sufficient to show deliberate indifference to Plaintiff's health or safety."); *Winfree v. S. Health Partners*, No. 3:14-cv-01269, 2014 U.S. Dist. LEXIS 91001 at *5 (M.D. Tenn. July 2, 2014) (noting that where a nurse dispensed incorrect medication, allegations of negligence do not state a claim under § 1983).

Here, the allegations in the complaint may demonstrate that Defendants acted negligently when they accidentally gave Plaintiff his medications twice on the same evening. *See* ECF No. 1, PageID.7. But the allegations do not rise to the level of a constitutional violation. According to Plaintiff, Defendants "swore up and down" that they did not make a mistake at all and checked Plaintiff's temperature and blood pressure when he complained. *Id.* There is no allegation in the complaint that Defendants knowingly or recklessly disregarded an excessive risk to Plaintiff's safety. Rather, the allegations show that Defendants mistakenly gave Plaintiff additional medication and then monitored his condition thereafter. Like *Barnett*, the allegations

do not rise to the level of a constitutional violation. *See Barnett*, 414 F. App'x at 788. The Court must therefore dismiss the complaint on screening for failure to state a claim.

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 9, 2026